864 So.2d 698 (2003)
SALLEY & SALLEY
v.
Joyce T. STOLL.
No. 03-CA-807.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 2003.
*700 Roland W. Baggott, III, The Baggott Law Offices, New Orleans, LA, for plaintiff-appellant.
J. Kendall Rathburn, Mollere, Flanagan & Landry, Metairie, LA, for defendant-appellee.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
This appeal arises out of a suit by the law firm of Salley & Salley against Joyce T. Stoll for unpaid legal bills. Plaintiff/appellant, Salley & Salley, appeals the trial court's ruling awarding it the amount of $3,500.00, plus costs, on the basis of quantum meruit.

FACTS AND PROCEDURAL HISTORY
Joyce Stoll retained the law firm of Salley & Salley to represent her in a divorce action filed by her husband. On May 5, 2000, Ms. Stoll signed a contract with Salley & Salley for legal services. The contract provided that Ms. Stoll would be charged at the rate of $150.00 per hour for legal services and the smallest increment of billable time would be set at one quarter of an hour. The contract also provided that Ms. Stoll would receive a monthly billing statement itemizing each charge *701 and the work done on her behalf. In conjunction with the contract, Ms. Stoll paid an initial retainer fee of $1,000.00 and also signed a promissory note in the amount of $5,000.00 in favor of Salley & Salley to serve as an additional retainer fee.
Thereafter, Salley & Salley represented Ms. Stoll in the divorce proceedings until February 2001 at which time the attorney-client relationship was terminated. Salley & Salley subsequently brought suit on an open account and promissory note to collect the outstanding balance of $4,654.66 owed to it by Stoll, together with interest at the legal rate from date of judicial demand and for attorney fees. On June 23, 2002 the parties proceeded to trial and the trial court ruled in favor of Salley & Salley awarding $3,500.00 on the basis of quantum meruit. On August 27, 2003, Salley & Salley filed a Motion for New Trial, which was heard and denied. Salley & Salley subsequently filed this instant appeal.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In its first two assignments of error, Salley & Salley contends the trial court erred by refusing to allow a full direct examination of its chief witness, Sandra S. Salley, and by refusing to allow its expert, Gene Meaux, to testify as to the reasonableness and necessity of the work performed by Salley & Salley on behalf of Ms. Stoll.
At trial, Sandra Salley was called to testify concerning her representation of Ms. Stoll. In conjunction with her testimony, plaintiff, Salley & Salley, introduced detailed time sheets and invoices detailing the work done on Ms. Stoll's case. When plaintiff's counsel attempted to question Ms. Salley concerning individual charges, the trial judge interrupted the questioning and stated that it was not necessary for the witness to address each specific charge. Plaintiff's counsel subsequently proceeded with another line of questioning. At the conclusion of Ms. Salley's testimony, plaintiff asked the trial court if it could call Gene Meaux as an expert witness in the area of Family Law, to testify to the reasonableness of the work performed by it on behalf of Ms. Stoll. The trial court denied the request.
LSA-C.C.P. art. 1636 provides, in pertinent part:
When a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence.
Here, plaintiff failed to proffer the testimony of either Sandra Salley or Gene Meaux and therefore is precluded from complaining of the exclusion of their testimony on appeal. See, McLean v. Hunter, 495 So.2d 1298 (La.1986). Accordingly, these two assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER THREE
In its third assignment of error, Salley & Salley argues the trial court erred by considering pre-trial settlement negotiations in rendering judgment in the case. We have examined the record and do not find the trial court considered such evidence. At the opening of the case, prior to the introduction of evidence, the trial judge remarked that he had pre-tried the case and recommended a figure to the plaintiff. The judge noted that plaintiff refused the figure. The trial judge then stated he was ready to try the case and proceeded to do so. Nothing in the record reflects that the issue of the pre-trial settlement negotiations was raised during trial or that the trial judge considered the *702 settlement negotiations in his decision. Therefore, we find this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FIVE
Salley & Salley also contends the trial court erred by conducting the direct examination of Ms. Stoll. Generally, a trial judge, in order to maintain the impartiality that proper trial technique demands, should be careful not only as to the number and types of questions propounded by him to witnesses, but also as to the manner in which they are propounded. Lapeyrouse v. Barbaree, 02-0086 (La.App. 1 Cir. 12/20/02), 836 So.2d 417, 422; Midyett v. Midyett, 32,208 (La.App. 2 Cir. 9/22/99), 744 So.2d 669, 674. However, a layman who represents himself cannot be held to the same standards of skill and judgment that must be attributed to an attorney, although a layman assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law. Lapeyrouse, supra at 422; Rader v. Department of Health and Hospitals, Office of Public Health, Engineering Services, 94-0763 (La.App. 1 Cir. 3/3/95), 652 So.2d 644, 646. Although a trial court has no affirmative duty to assist an unrepresented party, it does have authority in a non-jury case, to reasonably question a witness for clarification when the facts are confused, undeveloped or misleading. Lapeyrouse, supra at 423; Borgos v. Buras, 611 So.2d 764, 769 (La.App. 4 Cir.1992).
The defendant, Ms. Stoll, who was unrepresented in the instant matter took the stand to testify on her own behalf. The trial court then proceeded to question her in reference to the legal services rendered to her by Salley & Salley and whether she disputed the invoices and time sheets which had been submitted into evidence. Based on the record, we do not find the trial court abused its discretion by conducting the examination of Ms. Stoll. The questions were few in number, did not stray outside the scope of questions posed to plaintiff's witness and helped the trial judge clarify and develop the issues to be decided by the court.
Furthermore, we note that plaintiff's counsel did not object to the trial court's questioning of Ms. Stoll, as required under LSA-C.E. art. 614(C). As a result, plaintiff waives its right to dispute the issue on appeal. Lapeyrouse, surpa at 423. Consequently, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER SIX
In its sixth assignment of error, Salley & Salley contends the trial court erred by refusing to allow it to conduct a full cross-examination of Ms. Stoll. During plaintiff's cross-examination of Ms. Stoll, plaintiff's counsel objected to Ms. Stoll's responses to a series of questions as being non-responsive. The trial judge sustained the objections and then informed plaintiff's counsel that his questions were getting no results and asked him if he wished to ask anymore questions. Plaintiff's counsel responded he was finished examining the witness. Based on the exchange between the trial judge and defense counsel, it is clear from the record that plaintiff's counsel was afforded an opportunity to continue the cross-examination of Ms. Stoll but chose not to do so. For these reasons, this assignment is without merit.

ASSIGNMENTS OF ERROR NUMBERS FOUR, SEVEN, AND NINE
Salley & Salley also contends the trial court erred by (1) failing to consider the promissory note executed by Ms. Stoll, (2) failing to award the full amount prayed for *703 in the petition, and (3) failing to award attorney fees.
In the present case, Ms. Stoll signed a promissory note in the amount of $5,000.00 in favor of Salley & Salley to serve as a retainer fee. Prior to earning the $5,000.00 fee, the attorney-client relationship was terminated. At trial, the judge disregarded the promissory note and thereafter decided the matter on the basis of quantum meruit.
When an attorney is discharged before entirely earning his fee, he cannot rely on commercial laws to collect on a promissory note given in connection with the legal services. Under these circumstances, he is entitled to remuneration for services actually rendered. Sanders v. Federal Apartments Ltd. Partnership, 31,562 (La.App. 2 Cir. 2/24/99), 733 So.2d 45, 47-48.
In the instant case, the trial court decided the matter on quantum meruit; however, quantum meruit does not serve to permit a client who has agreed to pay an hourly fee, and on whose behalf services have been performed pursuant to that agreement, to ignore statements for those services, discharge the attorney, and avoid contractual fee obligations theretofore incurred. As to services rendered in accordance with the parties' agreement, the contractual provision is enforceable unless the fee is "excessive, unearned, or incommensurate." Lester v. Lester, 516 So.2d 219 (La.App. 4 Cir.1987).
Under the circumstances of this case, we find the trial court was correct in disregarding the promissory note; however, we find the trial court erred in rendering judgment on the basis of quantum meruit. Here, Ms. Stoll signed a contract with Salley & Salley, which provided she would be billed for legal services at the rate of $150.00 per hour. The trial judge found the hourly fee to be reasonable and therefore the contract provision is enforceable. Furthermore, we find the detailed invoices contained in the record establish the total amount in principal of services rendered was $4,422.50. While Ms. Stoll maintained at trial that she was not satisfied with the results in her case, she did not contest that Salley & Salley performed the billed services. Accordingly, we find Salley & Salley is entitled to recover $4,422.50 for legal services rendered.
Salley & Salley also contends the trial court erred in failing to award attorney's fees under LSA-R.S. 9:2781 and as provided for in the promissory note. Having found the promissory note was properly disregarded by the trial court, we examine whether Salley & Salley was entitled to recover attorney's fees under LSA-R.S. 9:2781. Collection of attorney's fees on an open account presupposes the existence of an open account. While Salley & Salley styled its petition as one on open account and promissory note, certain factors must be considered to treat the matter as an open account.
To prevail on a suit on open account, the creditor must prove that the debtor contracted for the services on an open account. There must necessarily be a contract which gave rise to the debt. Dixie Machine Welding & Metal Works, Inc. v. Gulf States Marine Technical Bureau, Inc., 96-869 (La.App. 5 Cir. 3/12/97), 692 So.2d 1167, 1169; Vezina and Associates v. Gottula, 94-593 (La.App. 5 Cir. 3/1/95), 652 So.2d 85, writ denied, 95-825 (La.5/5/95), 654 So.2d 332. One who sues on open account has the burden of proving the contract. Dixie Machine Welding & Metal Works, Inc., supra at 1169; Deubler Elec. v. Knockers of Louisiana, 95-372 (La.App. 5 Cir. 11/15/95), 665 So.2d 481.
*704 Factors to be considered in deciding whether an open account exists are: (1) whether there were other business transactions; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; (4) whether there are expectations of other dealings. Dixie Machine Welding & Metal Works, Inc., supra at 1170.
A review of the record reveals the existence of a contract between Salley & Salley and Ms. Stoll wherein Salley & Salley was to perform legal services for Ms. Stoll at a certain hourly rate. Furthermore, the invoices establish running dealings between the parties in the form of continued representation of Ms. Stoll by Salley & Salley for approximately a year throughout which time Ms. Stoll was extended a line of credit for those services. Accordingly, we conclude an open account existed in the instant matter.
However, in order to recover attorney fees under LSA-R.S. 9:2781, a party bringing suit on an open account must strictly comply with that statute which provides in part:
(A) When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
The record reflects and Ms. Stoll acknowledged at trial that she received a written demand letter from Sally & Salley sent via certified mail with an attached invoice setting forth that the total amount owed on the account was $4,422.50. However, Salley & Salley's Petition on Open Account and Promissory Note alleged that the amount owed was $4,654.66. The discrepancy in the amounts is the result of the addition of a late charge and interest on the $4,422.50. However, the imposition of late charges and interest are not provided for in the contract between the parties and as a result we find that Salley & Salley failed to comply with the technical requirements of LSA-R.S. 9:2781 and thus are not entitled to attorney's fees.

ASSIGNMENT OF ERROR NUMBER EIGHT
Lastly, we examine Salley & Salley's contention that the trial court erred in awarding interest from the date of judicial demand instead of awarding interest from May 5, 2000, the date the promissory note was executed by Ms. Stoll. Having found the trial court properly disregarded the promissory note, we find no error in the trial court awarding interest from the date of judicial demand.
For the foregoing reasons, the judgment of the trial judge is hereby amended to reflect judgment in favor of Salley & Salley and against Joyce T. Stoll for the sum of $4,442.50 together with legal interest thereon from the date of judicial demand until paid, and for all costs, including appellate costs. Furthermore, appellant's motion for additional attorney fees is hereby denied.
*705 AMENDED AND AFFIRMED AS AMENDED.