984 So.2d 144 (2008)
STATE of Louisiana
v.
Dale YOUNG.
No. 07-KA-1021.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
*146 John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, LaPlace, Louisiana, For State/Appellee.
Katherine M. Franks, Attorney at Law, Louisiana Appellate Project, Abita Springs, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
This is defendant's third appeal. On May 12, 2004, defendant, Dale Young, was convicted of two counts of distribution of cocaine in a drug-free zone in violation of La.R.S. 40:967(A) and 40:981.3, and one count of distribution of cocaine in violation of La.R.S. 40:967(A). This Court affirmed defendant's convictions but vacated the sentences because the trial court failed to observe the 24-hour delay between denying the motion for new trial and imposing the sentences. The matter was remanded for re-sentencing. State v. Young, 04-1318 (La.App. 5 Cir. 4/26/05), 902 So.2d 461.
On remand, a sentencing hearing was held and defendant was re-sentenced to 25 years on each of the two counts of distribution of cocaine in a drug-free zone and 10 years on the one count of distribution of cocaine, which was the same as his original sentence. The court ordered the sentences to run consecutively and imposed a $50,000 fine on each of the three counts. State v. Young, 05-795, (La.App. 5 Cir. 3/14/06), 926 So.2d 652, 654. Defendant appealed his sentences as excessive, and this Court found the sentences were excessive and remanded the case to the trial court for resentencing.
On November 29, 2006, the State withdrew the previously filed multiple offender bill of information, and the trial court resentenced defendant to 10 years with the Department of Corrections for distribution of cocaine. As to the convictions of distribution of cocaine within a drug-free zone, defendant received an 18-year sentence with the Department of Corrections for one count and an 18-year sentence on the other count. These sentences were ordered *147 to run concurrently. This appeal follows.
ASSIGNMENT OF ERROR
Defendant alleges that the sentences imposed by the trial judge are constitutionally excessive in light of the crimes committed. He also argues that the trial judge failed to articulate factors to demonstrate that a lengthy sentence was warranted under the circumstances. We disagree.
First, La.C.Cr.P. art. 881.1 states that:
[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Likewise, in State v. Taylor, 04-1389, (La.App. 5 Cir. 5/31/05), 905 So.2d 451, 458, writ denied, 05-2203 (La.5/26/06), 930 So.2d 12, the defendant made an oral motion for reconsideration of his sentence without stating specific grounds for the motion and indicated he would file a written supplement to his oral motion but failed to do so. This Court found the defendant abandoned his oral motion by failing to file a written supplement because he did not orally state the specific grounds upon which it was based and, therefore, there was nothing for the court to consider.
Likewise, in the instant case defendant argues that the trial judge failed to articulate reasons for the sentences imposed. However, the transcript reflects that the defendant failed to raise this issue in the trial court. The failure to raise the issue at trial effectively precludes the defendant from raising the issue on appeal. Accordingly, this Court will address only the assignment of error related to the alleged constitutional excessiveness of the sentence.
The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. State v. Hawkins, 06-739 (La.App. 5 Cir. 9/25/07), 968 So.2d 1082. A sentence that is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering is unconstitutionally excessive, even if it falls within the statutory limits. Id., at 1095. A trial court is afforded great discretion in determining sentences and sentences will not be set aside as excessive absent a clear abuse of its broad discretion. Id. Further, according to La. C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice. Id.
The three factors that are considered in reviewing a trial court's sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. Hawkins, at 1096.
In the instant case, defendant was sentenced to 18 years on each of the two convictions for distribution of cocaine in a drug-free zone and 10 years on the conviction for distribution of cocaine. The judge ordered these sentences to run concurrently. The sentencing range for distribution of cocaine in a drug-free zone is between two and 45 years at hard labor with a fine of $50,000 and the range for distribution of *148 cocaine is between two and 30 years at hard labor, with the first two years of the sentence being without benefit of parole, probation, or suspension of sentence. La. R.S. 40:967(B)(4)(b) and 40:981.3(E); State v. Johnson, 03-903 (La.App. 5 Cir. 12/9/03), 864 So.2d 645, 653.
In his previous appeal of the same issue, the defendant faced 60 years imprisonment. This Court noted that:
[T]he record on appeal does not establish that Young is a large-scale drug dealer or that he has a history of selling drugs, and the quantity of drugs and the money involved in each transaction was small. The defendant was thirty-one years of age at the time of sentencing, and although the record alludes to prior criminal activity, the State did not establish such.
State v. Young, 05-795 (La.App.5 Cir. 3/14/06), 926 So.2d 652. Pursuant to that appeal, this Court remanded the matter to the trial court for re-sentencing. Defendant now comes before us facing 18 years imprisonment, which is less that one half of what could have been imposed pursuant to the sentencing guidelines, and less than one third of the original sentence. This sentence is consistent with the crimes committed and consistent with the sentences affirmed by this Court and other courts for similar crimes.[1] Accordingly, we find that the trial judge did not abuse his discretion in sentencing this defendant.
ERROR PATENT DISCUSSION
The defendant requests an error patent review. This Court routinely reviews the record for errors patent regardless of whether the defendant makes such a request. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). Our review of the case indicates there is but one patent error requiring corrective action.
First, at the time of defendant's offense in 2002, La.R.S. 40:981.3(E) provided as follows:
"[w]hoever violates a provision of this Section shall be punished by the imposition of the maximum fine and be imprisoned for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970."
It appears that the trial court failed to impose the mandatory fines. The maximum fine for distribution of cocaine is $50,000. La.R.S. 40:967(B)(4)(b). Thus the defendant's sentence is illegally lenient. This issue, however, was not raised by the state in the trial court or on appeal. We therefore decline to correct the illegally lenient sentence. State v. Paul, 05-612 (La.App. 5 Cir. 2/14/06), 924 So.2d 345, 357.
However, the record does not reflect that the defendant was advised of his time to file for post-conviction relief. The trial judge stated, "if you wish to file a motion for post conviction relief, you have that two-year window after this sentence becomes final to file that motion for the post-conviction relief." The court neglected however, to advise the defendant that the prescriptive period runs from the time that his conviction and sentence become final. As such, the recital was incomplete. This Court has held the trial court must advise a defendant that the prescriptive *149 period runs from the time his conviction and sentence become final. State v. Grant, 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis added).
Accordingly, the matter is remanded to the trial court for an order to advise the defendant by written notice within ten days of the rendition of this opinion that he has two years from the date his conviction and sentence become final to file an application for post-conviction relief, and then to file written proof in the record that the defendant received such notice.
For the reasons given herein, we affirm in part and remand the matter to the trial court with orders to provide the defendant with written notice that the prescriptive period runs from the time that his conviction and sentence become final.
AFFIRMED; MATTER REMANDED WITH ORDERS.
NOTES
[1] See State v. Dillon, 01-906 (La.App. 5 Cir. 2/26/02), 812 So.2d 770, writ denied, 02-1189 (La.4/21/03), 841 So.2d 779; State v. Converse, 03-0711 (La.App. 5 Cir. 12/20/03), 864 So.2d 803, writ denied, 04-0195 (La.6/4/04), 876 So.2d 74; State v. Wyatt, 591 So.2d 761 (La.App. 2d Cir.1991); State v. Rogers, 2001-2139 (La.App. 4 Cir. 3/6/02), 812 So.2d 809, writ denied, XXXX-XXXX (La. 11/22/02), 829 So.2d 1035.