WALTER J. ROTHSCHILD, Judge.
 

 12Pefendant, Wilson Jarrow, was charged by bill of information with aggravated flight from an officer in violation of LSA-R.S. 14:108.1 C (Count 1); and illegal possession of stolen things valued at $500.00 or more in violation of LSA-R.S. 14:69 (Count 2).
 
 [1]
 
 Defendant pled not guilty at arraignment.
 

 On September 13, 2007, defendant withdrew his not guilty plea and pled guilty to both charges. As to Count 2, defendant entered an Alford
 
 [2]
 
 plea. In accordance with a plea agreement, the district court sentenced defendant to two years at hard labor on Count 1, and six years at hard labor on Count 2. The court further ordered that the sentences be served concurrently with each other, and with defendant’s sentences in two other cases.
 

 On the same day, the State filed a habitual offender bill of information, alleging defendant was a second felony offender. Pursuant to a sentencing |sagreement, defendant admitted to the allegations in the habitual offender bill. The district court vacated defendant’s original sentence on Count 2 and imposed an enhanced sentence of six years at hard labor. The court ordered that the sentence run concurrently with defendant’s other sentences.
 

 On June 13, 2008, defendant filed an application for post-conviction relief in the district court. The court construed the application as a request for an out-of-time appeal, and it granted defendant an appeal in an order dated June 23, 2008.
 

 FACTS
 

 Since defendant entered guilty pleas in this case and there were no pre-trial motion hearings, the facts which led to the instant charges are found only in the State’s offer of a factual basis for the guilty pleas. The prosecutor made the following statement in open court:
 

 On March the 26th of this year, the Jefferson Parish Sheriffs Office representatives saw the Defendant engaged in what appeared to be a hand-to-hand drug transaction. They went to investigate, the Defendant then took off with the vehicle, and there was a high-speed chase during which the Defendant did approximately fifty miles an hour in a twenty mile-an-hour zone and traveled against the flow of traffic forcing several vehicles to leave the road. When he eventually stopped, he fled from the vehicle and fled from the officers on foot. The vehicle had a defeated steering column.
 

 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4
 
 *908
 
 Cir.1990),
 
 [3]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find j4any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.
 
 [4]
 
 The request must be accompanied by ‘ “a brief referring to anything in the record that might arguably support the appeal”’ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 In examining an appeal for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an indepen dent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel avers there are no defects in the bill of information. Counsel further notes that defendant’s convictions in this case resulted from guilty pleas, and that defendant did not preserve any issues for appeal. According to counsel, the trial court properly advised defendant of his Boykin
 
 [5]
 
 rights,
 
 *909
 
 and the State gave a factual basis for the guilty plea in accordance with
 
 Alford, supra.
 
 Defendant’s guilty pleas were knowing and voluntary. Counsel points out that since defendant pled guilty in accordance with a plea agreement, and he entered his admission to the habitual offender bill pursuant to a sentencing agreement, he is not entitled to challenge his sentences on appeal.
 

 Appellate counsel has filed a motion to withdraw as attorney of record in which she represents that she notified defendant she had filed an
 
 Anders
 
 brief on his behalf, and that he could file a supplemental pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until November 7, 2008 to file a pro se supplemental brief. On December 9, 2008, defendant filed a pro se motion in this Court noticing his intention not to file a pro se supplemental brief in this case.
 

 rAn independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
 

 Defendant filed various pre-trial motions, including motions to suppress evidence, identification, and confession. The district court did not hear any of those motions.
 
 [6]
 
 Consequently, there are no district court rulings defendant could have preserved for appeal under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 The record shows the trial court properly advised defendant of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by
 
 Boykin, supra.
 
 The judge also explained to defendant the offenses with which he was charged and the sentencing ranges for those offenses. The judge ascertained that defendant understood his rights and that he wished to waive those rights and plead guilty. Additionally, defendant, his attorney, and the district court judge signed a waiver of rights form which enumerated defendant’s rights and detailed the sentence he would receive pursuant to his guilty plea.
 

 Defendant entered an admission to the allegations in the habitual offender bill of information. The district court properly advised defendant of his right to a habitual offender hearing and his right to remain silent.
 
 [7]
 
 Defendant stated he understood those rights and wished to waive them. Defendant also completed a |7multiple bill waiver of rights form which contained the penalty range to which he was exposed, and the sentence he would receive.
 

 Defendant’s sentences present no issues for appeal. Both sentences are within the statutory sentencing ranges.
 
 [8]
 
 
 *910
 
 In any case, LSA-C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement.
 
 State v. Washington,
 
 05-211, p.
 
 5
 
 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In defendant’s case, the original sentences were agreed to as part of a plea bargain. Additionally, a defendant is precluded from raising a claim of excessive sentence on appeal when his sentence was imposed in conformity with a sentencing agreement set forth in the record at the time he admits to the allegations in a multiple bill.
 
 State v. Cross,
 
 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
 

 Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s conviction and sentence are hereby affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent. LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The following matter was discovered:
 

 The transcript shows the court ordered that defendant serve both sentences at hard labor, but the commitment does not explicitly show that the two-year sentence |son Count 1 was imposed at hard labor. The commitment contains only a general statement that the defendant was sentenced to imprisonment at hard labor for six years. Where the transcript and the minute entry conflict, the transcript governs.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). We therefore remand with an order that the district court amend the commitment to conform to the transcript. See
 
 State v. Jackson,
 
 07-975, p. 13 (La. App. 5 Cir. 4/15/08), 985 So.2d 246, 254. It is further ordered that the clerk of court of the district court transmit the original of the amended commitment to the officer in charge of the institution in which defendant is incarcerated. See LSA-C.Cr.P. art. 892 B(2);
 
 State ex rel. Stark v. State,
 
 06-1457 (La.2/16/07), 949 So.2d 409.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . The State actually charged defendant with illegal possession of stolen things valued at over $1,000.00, but there is no such monetary designation in the statute. The greatest degree designated in the statute is $500.00 or more. LSA-R.S. 14:69 B(l).
 

 [2]
 

 .
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
 

 [3]
 

 .The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [4]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [5]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [6]
 

 . Defendant waived his outstanding motions by pleading guilty without complaining of the trial court’s failure to hear and rule on them.
 
 State v. Corzo,
 
 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
 

 [7]
 

 . LSA-R.S. 15:529.1 D(l)(a) requires that the defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent.
 
 State v. Johnson,
 
 432 So.2d 815, 817 (La.1983);
 
 State v. Bell,
 
 03-217, p. 4 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90.
 

 [8]
 

 .As to the charge of aggravated flight from an officer, the applicable sentencing range was zero to two years. LSA-R.S. 14:108.1 E. The sentencing range applicable to defendant,
 
 *910
 
 as a second felony offender, for possession of stolen things valued at $500.00 or more, was five to 20 years at hard labor, without benefit of probation or suspension of sentence. LSA-R.S. 14:69 B(l); LSA-R.S. 15:529.1 A(l)(a); LSA-R.S. 15:529.1 G.