CLARENCE E. McMANUS, Judge.
 

 |2Pefendant, Martin Hill, pled guilty to distribution of cocaine within 1,000 feet of a school or church, a violation of LSA-R.S. 40:981.3, and was sentenced to 15 years at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence. The court further ordered that the sentence run concurrently with defendant’s sentence in district court case number 04-3442.
 
 [1]
 
 The defendant now appeals to this Court.
 

 The bill of information in this case alleged defendant distributed cocaine, a controlled dangerous substance, within 1,000 feet of Lemon Gym, on November 25, 2003. Since defendant pled guilty, and the district court did not hold any motion hearings, the only testimony regarding the offense came from defendant at his guilty plea hearing. Defendant admitted he sold crack cocaine within 1,000 feet of a school zone and a church.
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [2]
 
 appointed appellant counsel has filed a brief in accordance with the procedures set forth in
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 3L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam). She asserts she has thoroughly reviewed the district court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests leave to withdraw as counsel of record. The State agrees that the record presents no non-frivolous issues for appeal, and urges this Court to allow defendant’s appellate counsel to withdraw.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.
 
 [3]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the
 
 *1040
 
 appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin,
 
 Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on |4shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 In evaluating an appeal for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel points out that the district court properly advised defendant of his rights in accordance with
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) prior to accepting his guilty plea. Counsel submits that defendant admitted under oath to having sold cocaine within 1,000 feet of a school zone or church. LSA-R.S. 40:981.3. She acknowledges that the sentence imposed by the district court is within the statutory range. Moreover, since defendant’s sentence was agreed to as part of a plea bargain, defendant is precluded from challenging the sentence on appeal. LSA-C.Cr.P. art. 881.2.
 

 Appellate counsel has filed a motion to withdraw as attorney of record which states she complied with the provisions of
 
 Anders,
 
 and that she notified defendant of his right to file a
 
 pro se
 
 brief. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 An-ders
 
 brief had been filed and that |5he would have until March 23, 2009 to file a file a
 
 pro se
 
 supplemental brief. Defendant did not file a brief.
 

 Our review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
 

 Defendant filed various pre-trial motions, but it does not appear from the record that the district court heard any of them. There are thus no district court rulings defendant could have preserved for
 
 *1041
 
 appeal under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 The record shows the district court ascertained that defendant was 48 years old, had a tenth grade education, and was able to read and write. The district court properly advised defendant of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by
 
 Boykin..
 
 The judge also explained to defendant the offense with which he was charged, the sentencing range for that offense, and the sentence he would receive under the plea agreement. Additionally, defendant, his attorney, and the judge signed a waiver of rights form which enumerated defendant’s rights and detailed the sentence he would receive pursuant to his plea agreement.
 

 Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the district court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel’s assertion, we find that defendant’s conviction and | (¡sentence should be affirmed and appellate counsel’s motion to withdraw should be granted.
 

 We have reviewed the record for errors patent, LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v.
 
 Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and note the following error.
 

 At the time defendant’s offense, in 2003, LSA-R.S. 40:981.3 E required that anyone sentenced under that section be ordered to pay a mandatory fine equal to the maximum fine provided in the underlying statute. The underlying statute, LSA-R.S. 40:967 B(4)(b), pertaining to cocaine distribution, provided a maximum fine of $50,000. The court should have sentenced defendant to pay a $50,000 fine, but failed to do so, and therefore the sentence is illegally lenient. This issue was not raised by the State in the trial court or on appeal. We therefore decline to correct the illegally lenient sentence.
 
 State v. Young,
 
 07-1021 (La.App. 5 Cir. 3/25/08), 984 So.2d 144, 148,
 
 writ denied,
 
 08-0938 (La.11/21/08), 996 So.2d 1105.
 

 We also find that the trial court’s advisal regarding the prescriptive period under LSA-C.Cr.P. art. 930.8 was incomplete. Article 930.8 provides that a defendant has two years from the date the defendant’s conviction
 
 and sentence
 
 become final in which to apply for post-conviction relief. In the past, this Court has ordered the trial court to properly advise defendant of the prescriptive period under LSA-C.Cr.P. art. 930.8 by written notice within ten days of the rendition of this Court’s opinion and then to file written proof in the record that defendant received notice. More recently, in
 
 State v. Davenport,
 
 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, we corrected this error patent by way of our opinion rather than a remand. Following
 
 Damn-port,
 
 we advise defendant by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the _yudgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts 914 or 922.
 

 For the above discussed reasons, defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw as attorney of record is hereby granted.
 

 MOTION TO WITHDRAW GRANTED; AFFIRMED.
 

 [1]
 

 . Defendant’s conviction in district court case number 04-3442 was also affirmed by this court. See
 
 State v. Hill,
 
 09-89, (La.App. 5 Cir. 5/26/09), 15 So.3d 1042.
 

 [2]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [3]
 

 .The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).