CLARENCE E. McMANUS, Judge.
| ¡¿Defendant, Martin Hill, pled guilty to distribution of cocaine in violation of LSA-R.S. 40:967 A. The district court sentenced defendant to 15 years at hard labor, ordering that the first two years of the sentence be served without benefit of parole, probation, or suspension of sentence. The court further ordered that the sentence run concurrently with defendant’s sentence in district court case number 04-4827.[1] Pursuant to a multiple bill, defendant stipulated to his status as a second felony offender. The district court vacated the original sentence and imposed a habitual offender sentence of 15 years at hard labor, without benefit of parole, probation, or suspension of sentence for the first two years, and without benefit of probation or suspension of sentence for the entire term.
The district court granted defendant an out-of-time appeal.
The bill of information in this case alleged defendant distributed cocaine on or about October 29, 2003. Since defendant pled guilty and the district court did not hold any motion hearings, the only testimony regarding the offense came from defendant at his guilty plea hearing. Defendant admitted, “I was selling crack-cocaine.”
[o,Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[2] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel seeks leave to withdraw as counsel of record. The State agrees that the record presents no non-frivolous issues for appeal, and urges this Court to allow defendant’s appellate counsel to withdraw.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by ‘ “a brief referring to anything in the record that might arguably support the appeal” ’ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court *1044 of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or |,¡objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
In evaluating an appeal for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the appellate court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. But if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel as-sei’ts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel points out that the district court jiroperly advised defendant of his lights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) prior to accepting his guilty plea. She further asserts that defendant knowingly and voluntarily waived his rights in entering his plea. Counsel submits that the State was not required to provide a factual basis for defendant’s guilty plea, and that defendant admitted his guilt to the court.
Appellate counsel notes that defendant’s original and habitual offender sentences fell within statutory limits. Counsel further points out that defendant ^agreed to his habitual offender sentence as part of a sentencing agreement, and so he may not challenge it on appeal.
Appellate counsel has filed a motion to withdraw as attorney of record which states she complied with the provisions of Anders, and that she notified defendant of his right to file a pro se supplemental brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until March 27, 2009 to file a pro se supplemental brief. Defendant did not file a brief.
Our review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
Defendant filed several pre-trial motions, but it does not appear from the record that the district court heard any of them. There are thus no district court rulings defendant could have preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
The record shows the district court ascertained that defendant was 48 years old, had a tenth grade education, and was able *1045 to read and write. The district court properly advised defendant of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination, as required by Boykin. The judge also explained to defendant offense with which he was charged, the sentencing range for that offense, and the sentence he would receive under the plea agreement. Defendant acknowledged that he understood his rights, and that he wished to waive them and enter a guilty plea. Additionally, defendant, his attorney, and the judge [ (¡signed a waiver of rights form which enumerated defendant’s rights and detailed the sentence he would receive pursuant to his plea agreement.
Defendant entered an admission to the allegations in the habitual offender bill of information. Before accepting defendant’s admission, the district court adequately advised him of his right to a habitual offender hearing and his right to remain silent.[4]
Defendant’s sentences were both within the statutory limits.[5] In any ease, defendant is precluded from challenging his habitual offender sentence on appeal, since it was part of a sentencing agreement. State v. Cross, 06-866, (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we find that defendant’s conviction and sentence should be affirmed and appellate counsel’s motion to withdraw as attorney of record be granted.
We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and note the following error.
The trial court’s advisal regarding the prescriptive period under LSA-C.Cr.P. art. 930.8 was incomplete. At the time of sentencing, the district court informed |7defendant that he had “two years from the date the judgment of conviction becomes final to seek post-conviction relief.” The guilty plea form, which defendant signed at the time he entered his plea, states that defendant has two years “from the day your judgment and conviction becomes final to seek post-conviction relief.” Article 930.8 provides that a defendant has two years from the date the defendant’s conviction and sentence become final in which to apply for post-conviction relief. In the past, this Court has ordered the trial court to properly advise defendant of the prescriptive period under LSA-C.Cr.P. art. 930.8 by written notice within ten days *1046 of the rendition of this Court’s opinion and then to file 'written proof in the record that defendant received notice. More recently, in State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, we corrected this error by way of our opinion rather than a remand. Following Davenport, we advise defendant by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. art. 914 or 922.
For the above discussed reasons, defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw as attorney of record is hereby granted.

MOTION TO WITHDRAW GRANTED; AFFIRMED.

. Defendant’s conviction in district court case number 04-4827 was also affirmed by this court. See State v. Hill, 09-80, (La.App. 5 Cir. 5/26/09), 15 So.3d 1038.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

.The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. LSA-R.S. 15:529.1 D(l)(a) requires that a defendant be advised of the specific allegations in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983); State v. Bell, 03-217, p. 4 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90.

. At the time of the offense, the sentencing range for cocaine distribution was two to 30 years at hard labor, with the first two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. Defendant was also subject to a discretionary fine of not more than $50,000.00. LSA-R.S. 40:967 B(4)(b). As a second felony offender, defendant was subject to a sentencing range of 15 to 60 years, without benefit of probation or suspension of sentence for the entire term, and without parole, probation, or suspension of sentence for the first two years. LSA-R.S. 15:529.1 A(l)(a); LSA-R.S. 15:529.1G; LSA-R.S. 40:967 B(4)(b).