28 So.3d 470 (2009)
STATE of Louisiana
v.
Ashton R. CAMPBELL.
No. 09-KA-287.
Court of Appeal of Louisiana, Fifth Circuit.
November 24, 2009.
*471 Gwendolyn K. Brown, Attorney at Law, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges WALTER J. ROTHSCHILD, FREDERICKA HOMBERG WICKER and JUDE G. GRAVOIS.
JUDE G. GRAVOIS, Judge.
The defendant, Ashton R. Campbell, has appealed his conviction and sentence for manslaughter. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On May 24, 2007, defendant pled guilty to manslaughter in violation of LSA-R.S. 14:31. Thereafter, on June 14, 2007, defendant was sentenced to 22 years imprisonment. On November 5, 2008, defendant filed a Motion to Correct an Illegal Sentence that was denied by the trial judge. Defendant sought review of that ruling from this Court. This Court granted the writ for the limited purpose of remanding the application to the trial court and ordering that it be considered as an application for an out-of-time appeal. State v. Campbell, 08-KH-1286 (La.App. 5 Cir. 1/14/09) (unpublished writ disposition). On January 28, 2009, pursuant to this Court's order, the trial judge ordered that defendant be allowed to file an out-of-time appeal.

LAW AND DISCUSSION
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir.1990),[1] appointed appellant counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to *472 withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. However, an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm defendant's conviction and sentence. Conversely, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that, while a Motion to Suppress was heard and denied by the trial court, defendant subsequently pled guilty without reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the adverse ruling with respect to the Motion to Suppress. She further states that, a review of the evidence adduced in light of the applicable law does not suggest that the trial court's denial of the Motion to Suppress presented reversible error.
Appellate counsel also states that, prior to defendant's decision to plead guilty, he was fully informed of the legal consequences of changing his plea by his trial counsel and the trial judge. She asserts that, although the standard discovery motions were filed, the trial record does not reflect that either the State or defense counsel posed any objections or motions that would support a decision from this Court to reject defendant's subsequent guilty plea.
Appellate counsel notes that the waiver of rights form was signed by defendant and his attorney, but not by the trial judge. She contends, however, that an examination of the plea colloquy revealed that the district court was quite thorough in explaining to defendant, and making sure he understood, the trial rights he *473 would be waiving by pleading guilty. The trial judge informed defendant, among other things, that he had the constitutional right to a jury trial, the right against self-incrimination, and the right to confront witnesses. Appellate counsel states that defendant did not file a motion to withdraw the guilty plea, nor did he object to the sentence or move for reconsideration. She argues, therefore, that defendant is now restricted by law from appealing his sentence, citing LSA-C.Cr.P. art. 881.2.
Appellate counsel has filed a motion to withdraw as attorney of record which states she was appointed to represent defendant and had made a conscientious and thorough review of the trial court records, but could find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support the appeal. She asserts that she notified defendant of the filing of this motion and had advised defendant of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed may file a pro se supplemental brief. Defendant has not filed a brief.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. However, we will address defendant's Motion to Correct Illegal Sentence.
Approximately five months after pleading guilty as charged, defendant filed a Motion to Correct Illegal Sentence requesting that the trial court vacate his sentence and resentence him. In his motion, defendant indicated that the trial judge erred by not considering the sentencing guidelines of LSA-C.Cr.P. art. 894.1. He argued that the trial judge did not consider aggravating or mitigating factors, nor the factual basis. Given that defendant's sentence was agreed to as part of a plea bargain, defendant is precluded from challenging the sentence on appeal. LSA-C.Cr.P. art. 881.2; State v. Jarrow, 08-743, p. 7 (La.App. 5 Cir. 2/25/09), 9 So.3d 905, 910.
Regardless, the transcript of the sentencing hearing shows that the trial judge gave lengthy reasons for the sentence. He stated that defendant was a personable young man who did a foolish thing that was wrong. The trial judge said the taking of a life was never sanctioned by society unless it was in self-defense or defense of others, and that did not occur in this case. He asserted that, after going through discovery with defendant's attorney and the State, he came to realize that defendant felt he was at risk and took matters into his own hands, which was wrong. The trial judge considered that defendant was young with no criminal record, noting that defendant would be middle aged when he completed his sentence, but would still have life ahead of him. He stated that in all likelihood, if defendant were to be put in this situation again, he would never "do it again." The trial judge said he took all of those factors into consideration when he recommended the 22-year sentence, stating he felt that the sentence was appropriate given defendant's background and the facts of the case. Additionally, during the guilty plea colloquy, the trial judge stated that he found that there was a factual basis for the plea, based on the prior hearings and the reports.
Thus, the record indicates that the trial judge considered aggravating and mitigating factors before sentencing defendant to 22 years imprisonment for manslaughter, pursuant to the plea agreement. The sentencing range for a manslaughter conviction is not more than forty years. LSA-R.S. 14:31 B. Therefore, the sentence imposed *474 in the instant case was at the lower end of the sentencing range.
Having found that an independent review of the record supports appellate counsel's assertion that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, appellate counsel's motion to withdraw as attorney of record is hereby granted.
We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and note the following error.
The trial judge advised defendant he would have "two years from the date of finality of conviction to file any post-conviction relief." Such an advisal has been held to be incomplete. State v. Lauff, 06-717, p. 12 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 821. LSA-C.Cr.P. art. 930.8 A provides that no post-conviction relief application shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final. Rather than remand this matter for a complete advisal, we hereby inform defendant by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after his judgment of conviction and sentence have become final under the provisions of LSA-C.Cr.P. art. 914 or 922. State v. Hill, 09-89 (La.App. 5 Cir. 5/26/09), 15 So.3d 1042, 1045.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed. Appellate counsel's Motion to Withdraw is hereby granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED.
WICKER, J., dissents with reasons.
WICKER, J., dissents with reasons.
While I agree that after reviewing the counseled Anders brief and the record there appear to be no non-frivolous issues and it appears that the conviction and sentence should be affirmed and counsel allowed to withdraw, I respectfully dissent for the following reasons.
On September 10, 2009 defendant Ashton Campbell mailed a letter to this Court. That letter reads in pertinent part:
On 14 January 2009, this Court granted an out-of-time appeal and the trial court issued a return date. Also, the Louisiana Appellate Project was appointed to represent my interests.
After several months of correspondence, the Appellate attorney (Gwendolyn K. Brown) withdrew as counsel. As a result, I am uncertain as to whether or not she filed an appellate brief on my behalf. If she did not file a brief, the return date has certainly expired.
I am still interested in filing an appeal for the Court's review, and I am certain that a new return date will need to be set.
If an appellate brief was filed, then please notify me of the date of filing. If not, can you kindly extend the return date by which I may file a brief in proper person.
Considering that appellant counsel filed an Anders brief, the majority does not consider the September letter to be a motion to file a supplemental brief. I disagree. Since the brief filed by appellate counsel argues no errors, I would construe the September letter as a motion to file a supplemental brief. A layman who represents himself cannot be held to the same standards of skill and judgment that must be attributed to an attorney. Salley & Salley v. Stoll, 03-807 (La.App. 5 Cir. *475 12/9/03), 864 So.2d 698, 702; Rader v. Department of Health and Hospitals, Office of Public Health, Engineering Services, 94-0763 (La.App. 1 Cir. 3/3/95), 652 So.2d 644, 646. Furthermore, in the interests of justice, this Court has the discretion to treat pro se filings with greater indulgence than those filed by a paid attorney. See, e.g., In re Succession of Taylor, 44,471 (La.App. 2 Cir. 6/24/09), 13 So.3d 1253, 1256.
I, therefore, am of the opinion that addressing this matter on the merits at this juncture is premature. I would give the defendant twenty-five days to file a supplemental brief and address this case on the merits thereafter.
NOTES
[1] The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
[2] The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).