556 So.2d 175 (1990)
STATE of Louisiana
v.
Glen WEILAND.
No. 89-KA-584.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1990.
*176 Martha E. Sassone, Gretna, for defendant/ appellant.
John M. Mamoulides, Dist. Atty., William C. Credo, III, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Before BOWES, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from defendant's/appellant's plea of guilty to La.R.S. 14:402, introducing contraband into the Jefferson Parish Correctional Center. Glen Weiland, defendant/appellant, pled guilty to the offense charged, reserving his right to appeal under State v. Crosby, 338 So.2d 584 (La. 1976). He was sentenced to imprisonment at hard labor for two years, with credit for time served. The sentence was ordered to be served consecutively with the sentence imposed in Division "J" of the 24th Judicial District Court. Defendant now appeals. We affirm the conviction and sentence.
Weiland was charged by bill of information. He subsequently filed a motion to suppress his confession and the evidence. After the trial judge denied the motion Weiland appealed. Although the actual motion for appeal was filed more than five days after the sentence, see La.C. Cr.P. art. 914, it is timely since Weiland's plea was entered pursuant to State v. Crosby, supra. The Louisiana Supreme Court has held: *177 relator's statement on the record at the time of his guilty plea that his plea was conditioned upon his agreement with the district attorney to reserve the right to appeal the denial of the motion to suppress was sufficient to constitute an oral motion for appeal under La.C.Cr.P. art. 914.
State v. Bunnell, 508 So.2d 55, 55 (La. 1987), appeal reinstated, 517 So.2d 439 (La.App. 1st Cir. 1987).
Weiland has assigned the following errors:
1. The trial court erred in denying defendant's motion to suppress the evidence and statements, and
2. Also assigned as error are any and all errors patent.
MOTION TO SUPPRESS:
In brief appellant only argues the statements should be suppressed; he does not set forth argument regarding suppression of the evidence. Accordingly, the issue of whether the evidence should be suppressed is deemed abandoned pursuant to Uniform Rules of Court  Courts of Appeal  Rule 2-12.4.
Weiland argues the statements made "were obtained by coercion, undue force and/or disregard for [his] constitutional rights."
Before a confession can be introduced into evidence, the State has the burden of affirmatively proving "that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises." La.R.S. 15:451. It must also be established that an accused who makes a confession during a custodial interrogation was first advised of his constitutional rights as per Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and voluntarily and intelligently waived those rights. State v. Castillo, 389 So.2d 1307 (La.1980), cert. denied, Castillo v. Louisiana, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981); State v. Toups, 499 So.2d 1149 (La.App. 5th Cir.1986), writ denied, 501 So.2d 772 (La.1987).
Whether a showing of voluntariness has been made is analyzed on a case by case basis with regard to the facts and circumstances of each case. The trial judge must consider the "totality of the circumstances" in deciding whether the confession is admissible. State v. Shepherd, 449 So.2d 1120 (La.App. 5th Cir. 1984). The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession are entitled to great weight and will not be overturned on appeal unless they are not supported by the evidence. State v. Benoit, 440 So.2d 129 (La. 1983), State v. Toups, supra, State v. Beck, 445 So.2d 470 (La.App. 2nd Cir. 1984), writ denied, 446 So.2d 315 (La. 1984).
In the present case, the issue of the voluntariness of the confession turns on the credibility of the witnesses. The testimony set forth the following: Sergeant Glen Jambon of the Jefferson Parish Sheriff's Office testified that on Saturday, May 21, 1988 he received a call from a confidential informer advising him that inmate Weiland was in possession of a handcuff key which he intended to use to escape whenever he was sent to Charity Hospital. The informant indicated the key was inside the sole of Weiland's black tennis shoe. Pursuant to this information, a shakedown of the medical area, where defendant was located, was conducted on Monday, May 23, 1988.
Deputy Ronald Gurba personally conducted the search of defendant which led to the discovery of a handcuff key underneath the sole liner in the black tennis shoe that defendant was wearing. On the next day, defendant was brought to Lieutenant Schwab's office for questioning about the key. Schwab, in Gurba's presence, advised defendant of his constitutional rights and then asked him from where he had obtained the key. According to Gurba, defendant admitted he bought the key from an inmate in Angola and brought it into the jail. Gurba, who was present during the entire conversation between Schwab and defendant, testified that to his knowledge, no one threatened, coerced, intimidated, or *178 in any way forced defendant into making any sort of statement. Gurba also testified that no promises were made to defendant in order to obtain a confession. According to the testimony of Gurba, Lieutenant Schwab read defendant his rights and defendant indicated that he understood his rights. Gurba also testified that to his knowledge defendant signed no written waiver of constitutional rights, but rather gave a verbal waiver.
Contrary to this testimony, defendant contends that his statement was not freely given and further contends that he was coerced into admitting that he committed a crime because of his refusal to lie about an accident that he had witnessed at the prison. Defendant testified that Gurba wanted him to report that the inmate involved in the accident was not really hurt but was only faking. When defendant refused to report the accident as Gurba wanted, he was sent back to his cell. Several hours later, a shakedown of the medical area was conducted. During this time Gurba took defendant to the medical room and strip searched defendant pursuant to his consent. At the conclusion of the search, defendant was told that a handcuff key was found in his shoe. Weiland was subsequently questioned by Lieutenant Schwab about the handcuff key without first being advised of his constitutional rights. Defendant testified that he originally told Schwab that the key was not his, but then decided to play along with the officers and told them that the key was his. He admitted that he did not request the presence of an attorney.
After listening to the above conflicting testimony, the trial judge denied the motion to suppress concluding that the statement was freely and voluntarily given. There is nothing contained in the record to contradict the trial judge's finding. In fact, defendant's own testimony fails to show that he did not voluntarily give the statement. He testified that he decided to "play along" with the officers and say that the key was his.
Gurba testified that defendant was advised of his rights but defendant testified that he was not advised of his rights before giving his statement. As this was a credibility call, it was within the sound discretion of the trier of fact. There is no abuse of the trial judge's discretion as the record supports his conclusion regarding the admissibility of the confession. Accordingly, this assignment lacks merit.
ERROR PATENT:
Also assigned as error are any and all errors patent on the face of the record. La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignment of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Schneider, 542 So.2d 620 (La.App. 5th Cir. 1989).
In addition, where the defendant has entered a plea of guilty, the issue of whether the defendant was properly "Boykinized" should also be included in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Johnson, 488 So.2d 1298 (La.App. 5th Cir.1986).
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The Court then announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court, State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), and held to *179 apply all pleas of guilty subsequent to Boykin's effective date on which the decision became final. State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
In the present case, the transcript shows that the trial judge advised defendant of the right to trial by jury, the right to confront his accusers, and of the privilege against self-incrimination. The judge proceeded to explain to defendant that by entering a plea of guilty, he was waiving these constitutional rights. Throughout the colloquy, the defendant indicated that he understood the consequences of his guilty plea and was pleading guilty of his own violation. In addition, defendant's attorney indicated to the court that he advised defendant of his rights. A waiver of rights form signed by defendant, his attorney and the judge also indicates that defendant understood his constitutional rights and that by pleading guilty he was voluntarily waiving those rights. A review of both the record and transcript indicate that defendant was properly "Boykinized."
Thus, there are no errors patent on the fact of the record.
Accordingly, for the reasons assigned the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.