!„SOL GOTHARD, Judge.
Defendant, Ryan Harris, appeals his conviction and sentence on a charge of possession of a firearm by a convicted felon. For reasons that follow, we affirm.
The record shows that on February 18, 1999, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Ryan Harris, with armed robbery, a violation of LSA-R.S. 14:64; car jacking, a violation of LSA-R.S. 14:64.2; and possession of a firearm after being convicted of a felony, a violation of LSA-R.S. 14:95.1. While represented by counsel, defendant was arraigned on all three counts on March 3, 1999, and entered a plea of not guilty.
On February 1, 2000, defendant elected to be tried by the judge and waived trial by jury. After hearing the State’s evidence at trial, the court granted defendant’s motion for a directed verdict and dismissed counts one Land two. Subsequently, the court found defendant guilty on the remaining count, possession of a firearm by a convicted felon. On May 11, 2000, defense counsel filed a motion for a new trial based on alleged newly discovered evidence that a third party actually possessed the firearm. The court denied that motion, and in due course imposed a sentence upon defendant of ten years without benefit of probation, parole, or suspension of sentence, giving credit for time served. Defendant was informed of his appellate delays, and was informed of *511 the time limitation for seeking post conviction relief. Defendant made a timely oral motion for appeal, which was granted. Defendant subsequently filed a written motion for appeal. At trial, the victim testified to the details of the car jacking and robbery. However, her inability to positively identify the defendant as the perpetrator prompted the trial court to enter a directed verdict in favor of the defendant as to those charges.
The trial court heard evidence on the remaining charge of possession of a firearm by a convicted felon. As to that issue, Deputy Jerolyn Morse of the Jefferson Parish Sheriffs Office testified that on January 12, 1999, she responded to a call from Sergeant Dooty in which he stated that he was pursuing a car which would not stop. Deputy Morse proceeded to the area to assist Sergeant Dooty in his pursuit of the suspects. Deputy Morse stated that during that pursuit, she went to an apartment complex located at 2501 Metair-ie Lawn. While driving up one of the parking lanes, she observed defendant attempt to hide behind a van. When defendant-saw her he began to run to the other side of the parking area. The deputy testified that she then followed defendant in her vehicle, watching him as he ran. She 14witnessed him toss something shiny into nearby bushes. Deputy Morse stated that she investigated and recovered a handgun located in the bushes.
Defendant téstifíed that on January 12, 1999, he, Terras Delair, Alphonse Smith, and Henry Turner were “joy riding” around Jefferson Parish in a green Silver-ado track. The group went from the West Bank to a Sav-A-Center grocery store in Metairie to get a “snack”. Defendant stated that after the group had walked around Sav-A-Center for a while, Delair went to get the truck while the other men stayed behind in the store and waited. Because Delair was taking a while to retrieve the track, defendant and the other men stepped outside to locate Delair. Defendant witnessed several police cars behind the truck in which the men had been riding.
Defendant explained at trial that, having just returned home after serving a prison term for aggravated battery and simple burglary, and strongly suspecting that the truck was a “rock rental”[1], he decided to leave the scene and proceed to some nearby apartments in search of a taxi cab. Smith and Turner also reportedly followed. Defendant stated that he gave Smith and Turner money for cab fare, and the pair ran off. When defendant saw Deputy Morse pull up in her vehicle, he testified that he ran as well.
He was subsequently apprehended by police. Defendant claimed that the police officers retrieved a gun from behind a building and placed it on the side of bushes near where he was arrested. However, defendant denied that he ever possessed the weapon. Defendant maintained that the testimony |Bof Deputy Morse was inaccurate because he was never in the area that Morse described.
After hearing all of the evidence, the trial court entered a verdict of guilty to the charge of possession of a firearm by a convicted felon.
In his only assignment of error, defendant asserts the trial court erred in its denial of a defense motion for new trial which was based on newly discovered evidence. In brief to this Court, defendant asserts that new and material evidence *512 supporting his claim of innocence was submitted after trial, in support of his motion for a new trial, which showed that Daniel Benoit, not defendant, possessed the gun on the night in question and threw it into the bushes. Based on this newly discovered evidence, defendant argues that his motion for a new trial should have been granted by the court.
The record shows that in the new trial motion counsel for defendant asserted that, subsequent to the trial, he discovered new evidence of a witness, Daniel Benoit. The motion alleged that Benoit would testify that, on the night in question he actually possessed and threw the gun used as the basis for the conviction. Defense counsel asserted that he had exercised due diligence in having all his witnesses present at trial, but had only recently learned of Benoit. Counsel for defendant also asserted that Benoit was not beyond the process of the court and was willing to testify at a new trial.
An affidavit by Benoit attached to the motion stated that he was with defendant the evening of January 12, 1999, that he ran with defendant from police, and that he threw the gun in question by a car. Benoit claimed that the police did not see him after he ran away, and that he did not know defendant had been arrested until several months later after speaking with | r,Terras Delair. Benoit stated in the affidavit that defendant’s mother located him two weeks prior to May 4, 2000, when the affidavit was signed. Benoit claimed that defendant did not know where he (Benoit) lived. Benoit further asserted that he understood he could be prosecuted for perjury if he made a false statement; and that if defendant was granted a new trial, he would be willing to testify.
Pursuant to LSA-C.Cr.P. article 851, a defendant must establish the following four elements to obtain a grant of a new trial:
(1) that the new evidence was discovered after trial; (2) that defendant’s failure to discover the evidence before trial was not attributable to his lack of diligence; (3) that the evidence is material to the issues at trial; and (4) that the evidence is of such a nature that it would probably produce a different verdict in the event of retrial.
In reviewing the denial of a new trial based on newly discovered evidence, this Court has noted that, “the motion for new trial is based upon the supposition that injustice has been done to defendant, and unless such injustice is shown, the new trial motion shall be denied no matter upon what allegations the motion is grounded”. State v. Washington, 98-69 (La.App. 5 Cir. 1/26/99), 727 So.2d 673, 677. We have further held that the trial court’s determination of the merits of the motion for new trial will be disturbed only for an abuse of the court’s discretion. Id.
The State argues in this case that there was no abuse of the trial judge’s discretion in denying the motion for a new trial since defendant failed to establish all of the necessary elements. As to the first element, the State argues that the evidence is not newly discovered because, if the facts |7stated in Benoit’s affidavit were true, defendant would have known about them at the time of his arrest.
At trial defendant named the individuals who were with him. There was no mention of Benoit’s participation in the events which led up to the defendant’s arrest. The record shows that throughout his testimony, defendant made no mention whatsoever of a person named Daniel Benoit. In fact, defendant continually maintained that he was running alone except when he again met Smith and Turner and gave them cab money.
*513 The second element required for the granting of a new trial, is a showing of defendant’s diligence in obtaining the testimony of Daniel Benoit. In this case, the record reflects that Benoit was not subpoenaed to testify at trial. In his motion, defense counsel represented to the Court that “defendant exercised due diligence in having all his witnesses present at his trial however only recently learned of this witness”. Benoit stated in his affidavit that, “Ryan did not know where I lived at the time of this incident and only recently has his mother contact me.” If Benoit’s statement is true, and he indeed was with defendant on the night in question, then it not only contradicts defendant’s testimony at trial, it raises the question of why defendant did not try to locate him earlier for the purpose of preparing his defense. Based on the assertion by Benoit that defendant’s mother found him, apparently such a task was not impossible.
The State concedes that defendant fulfilled the third requirement for the granting of a new trial in that the alleged confession of Daniel Benoit is material to the issues at trial. However, pursuant to the fourth requirement for the grant of a new trial, that evidence must be of such a nature that it |swould probably produce a different verdict in the event of retrial. Benoit’s affidavit is not factually consistent with the eyewitness account of Deputy Morse, nor with defendant’s own account of events. Considering the testimony of Deputy Morse, that she saw defendant run, followed him, witnessed him toss something shiny aside, and immediately retrieved the gun from the bushes, we find that Benoit’s testimony likely would not have produced a different verdict.
In support of his argument, defendant asserts that his case is similar to State v. Hammons, 597 So.2d 990 (La.1992). In that case, the evidence against defendant, as in the instant case, was eyewitness testimony. The Hammons court found that it was unlikely the new witnesses presented in the motion for new trial could have been discovered at the time of trial even with the exercise of due diligence. “It was only after defendant was convicted that the fortuitous tip about a wrong conviction could be forthcoming.” Hammons, supra, 597 So.2d at 995. In addition, there were external circumstances which supported the statements in Hammons that someone other than defendant had committed the crime. There were significant discrepancies between eyewitness descriptions directly after the robbery and defendant’s appearance. Defendant had twelve alibi witnesses, several of whom had no basis for bias. A fingerprint on an adhesive tape casing handled by the robber did not match that of the defendant. Finally, there was a strong physical resemblance between defendant and the person who allegedly committed the crime.
We find defendant’s reliance on Ham-mons is misplaced. The case at bar is factually distinguishable from Hammons in several important respects. RUnlike the circumstances in Hammons, if the facts stated in Benoit’s affidavit were true, then defendant would have been aware of them from the time of his arrest. Therefore, this would not be “new” evidence discovered after trial. Additionally, defendant’s own testimony failed at trial to establish that Daniel Benoit was present during any of the events which took place on January 12, 1999. Further, Deputy Morse’s eyewitness testimony establishes that she saw defendant toss away something shiny while she was chasing him, which later turned out to be a gun.
Because defendant failed to prove all of the necessary elements for the granting of a new trial, we find no abuse of discretion *514 in the trial court’s denial of defendant’s motion for new trial.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). That review reveals that the trial court imposed an illegally lenient sentence. The penalty provision of LSA-R.S. 14:95.1(B) provides that a mandatory fine, of not less than one thousand dollars nor more than five thousand dollars, be imposed.
In' this case, the record reflects that the trial court did not impose any fíne whatsoever upon defendant during sentencing. Thus, the sentence is illegally lenient. However, because the State does not complain of the illegality of the lenient sentence, this Court may not correct it. State v. Fraser, 484 So.2d 122, 124 (La.1986).
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED

. According to defendant’s explanation, a "rock rental” occurs when a vehicle is exchanged for crack cocaine. After the addict comes down from their altered state, the vehicle is often reported stolen.