824 So.2d 514 (2002)
STATE of Louisiana
v.
Nathan JONES.
No. 02-KA-267.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 2002.
*515 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alan D. Alario, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
Defendant, Nathan Jones, was convicted of distribution of cocaine in violation of LSA-R.S. 40:967(A). The State subsequently filed a multiple bill and, after defendant's stipulation to his status as a multiple offender, the trial court imposed an enhanced sentence of 20 years with the first five years being served without the benefit of parole, probation or suspension of sentence and the remainder of his sentence being served without the benefit of probation or suspension of sentence. Defendant now appeals.
The facts presented at trial are as follows. On June 3, 1999, Drug Enforcement Agent Mark Webber received information from a confidential informant that defendant was selling crack cocaine. The confidential informant stated he could introduce an agent to defendant and purchase crack from defendant. Agent Webber devised a plan where Agent Kevin Honoré would purchase one ounce of cocaine from defendant.
At approximately 5:00 p.m. on the same date, Agent Honoré, Deputy Leonard Ferria, and the confidential informant drove together to defendant's residence at 4165 Lac Couture Drive in Harvey. Defendant arrived a few minutes later driving a gold Infinity Q-45. Defendant initially went inside the residence. When he came back outside, Agent Honoré and the confidential informant exited their vehicle and met with defendant. Agent Ferria remained in the car. After some introductions, Agent Honoré, the confidential informant, and defendant went inside the residence.
The confidential informant remained in the doorway of the front door while Agent Honoré and defendant went into the kitchen. Agent Honoré informed defendant he was there to buy one ounce of cocaine but defendant stated he only had a quarter of an ounce. After Agent Honoré and defendant negotiated a price of $250 for the quarter of an ounce, defendant left the room and returned with a sandwich bag containing an off-white/tan substance. Agent Honoré only had twenties and defendant did not have change so, after further negotiations, Agent Honoré only paid $240 for the quarter ounce of cocaine. At trial, defendant denied that he sold drugs to anyone on June 3, 1999.
After the transaction, Agent Honoré and the confidential informant returned to their vehicle and left defendant's residence. Thereafter, Agent Honoré turned over the plastic bag with the off-white *516 substance and remaining money to Agent Webber. The substance in the plastic bag later tested positive for cocaine.
In his first allegation of error, the defendant alleges that the trial court improperly restricted appellant's right to cross-examine and confront the witnesses against him. Defendant argues he was prevented from fully cross-examining three of the State's witnesses, Deputy Ferria, Agent Honoré and Agent Webber, and also that he was prevented from exploring the reliability of the confidential informant and the failure of the police to use a photo lineup. Defendant contends this limitation of his cross-examination prevented him from fully presenting his theory of defense that the informant was really the source of the drugs and from challenging the witnesses' identification.
The Sixth Amendment of the United States Constitution and Article I, Section 16 of the 1974 Louisiana Constitution guarantee an accused in a criminal prosecution the right to present a defense and to be confronted with the witnesses against him. The primary purpose behind this right is to secure for the defendant the opportunity for cross-examination. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1046, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, 00-0150 (La.6/30/00), 765 So.2d 1066.
Louisiana Code of Evidence article 611(B) provides that "a witness may be cross-examined on any matter relevant to any issue in the case, including credibility." Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." LSA-C.E. art. 401. Relevant evidence in a criminal case is that which tends to show commission of the offense charged, and intent, or tending to negate commission and intent. State v. Howard, 01-5 (La.App. 5 Cir. 4/24/01), 786 So.2d 174, 181, writ denied, 01-1557 (La.4/26/02), 816 So.2d 846.
A trial court's determination of relevancy and admissibility should not be overturned absent an abuse of discretion. Furthermore, the scope and extent of cross-examination rests largely within the trial court's discretion and its rulings will not be disturbed in the absence of an abuse of that discretion. Id.
For error to be predicated on a ruling excluding evidence, LSA-C.E. art. 103(A)(2) requires that a substantial right of a party be affected and that counsel inform the trial court of the substance of the excluded evidence. State v. Joseph, 01-360 (La.App. 5 Cir. 10/17/01), 802 So.2d 735, 745; State v. Batiste, 96-1010 (La. App. 5 Cir. 1/27/98), 708 So.2d 764, 769, writ denied, 98-0913 (La.9/4/98), 723 So.2d 954. Where the defendant did not make known the substance of the excluded evidence for the purpose of consideration by the trial and appellate court, the alleged error is not preserved for review on appeal. State v. Batiste, supra.
Defendant complains he was not able to question any of the State witnesses about the reliability of the confidential informant. However, defendant failed to proffer the substance of the excluded testimony. Accordingly, there is nothing for this court to review.
Furthermore, defendant's attempted line of questioning is irrelevant to the issue before the jury of whether defendant sold cocaine to an undercover agent. It was never alleged or suggested that the confidential informant purchased drugs *517 from defendant; instead, the record shows that the confidential informant was not present during the actual transaction. While the reliability of a confidential informant is an issue when determining reasonable suspicion for an investigatory stop or probable cause for a search or arrest warrant, it is not an issue where there is a drug transaction between two people excluding the confidential informant.
Defendant also asserts he was unable to question the State witnesses regarding the lack of a photographic lineup, and that this hampered his ability to question the reliability of the witnesses' identification of him as the perpetrator.
There were two separate in-court identifications of defendant during the State's case, both of which were reiterated during the State's rebuttal. The jury heard testimony from the witnesses and knew they were involved in numerous drug buys which may have affected their memory of the specific drug buy at issue. The jury also heard the tone and saw the demeanor of the witnesses as they identified defendant as the perpetrator, thus any hesitancy would have been noted by the jury and would have been an issue of credibility to be weighed by the jury. The lack of a photo lineup was not relevant in the identification of defendant as a perpetrator.
We therefore find that the trial court did not improperly restrict defendant's right to cross-examine and confront the witnesses against him. This assignment of error lacks merit.
In his second allegation of error, the defendant requests that this court review the record for errors patent. We have reviewed the record in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find no errors which warrant our attention.
For the above discussed reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.