16-230 (La.App. 5 Cir. 12/7/16)

**STATE of Louisiana**

v.

**Lawrence DAVIS**

**NO. 16–KA–230**

Court of Appeal of Louisiana,
Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPEL-LEE, STATE OF LOUISIANA, Paul D. Connick, Jr., Terry M. Boudreaux

COUNSEL FOR DEFENDANT/AP-PELLANT, LAWRENCE DAVIS, Lieu T. Vo Clark

Panel composed of Susan M. Chehardy, Marc E. Johnson, and Robert M. Murphy

## ROBERT M. MURPHY, JUDGE

Defendant, Lawrence Davis, appeals his convictions and sentences for manslaughter and being a felon in possession of a firearm. For the reasons that follow, we affirm both convictions and sentences, and we grant appellate counsel's motion to withdraw as attorney of record.

## STATEMENT OF THE CASE

On October 31, 2013, defendant was indicted by a grand jury in a true bill of information with one count of second degree murder, in violation of La. R.S. 14:30.1, and in count two with being a felon in possession of a firearm, a violation of La. R.S. 14:95.1. Defendant pled not guilty to both charges at his arraignment on November 18, 2013. Defendant filed a motion to suppress evidence and a motion to suppress identification, both of which were denied following a hearing on January 27, 2014. On April 14, 2014, defendant withdrew his not guilty pleas and pled guilty to an amended charge of manslaughter for count one, and also pled guilty to being a felon in possession of a firearm for count two. As part of his plea agreement, defendant was sentenced by the trial court to 20 years at hard labor for count one, and to 20 years at hard labor without benefit of parole, probation, or suspension of sentence for count two. The sentences for both counts were ordered to run concurrently. Defendant thereafter filed an application for post-conviction relief, which the trial court converted to an out-of-time appeal on January 4, 2016. This timely appeal follows.

## FACTS

Because the instant convictions were a result of guilty pleas, the underlying facts of the matter were not fully developed at trial. However, the State tendered the following factual basis at the time of defendant's plea.

THE STATE:

If the case were to proceed to trial, the State of Louisiana would present evidence in the form of what we would believe to be impeachment testimony admissible under Article 801(D) of the Louisiana Code of Evidence, with that being information provided by Kim Davis to the effect that on July 14th, 2013, the defendants Lawrence Davis and Devante Lee approached the victim while he was in Ms. Davis's company. They were in possession of firearms. Both of them fired firearms at the victim. The victim was shot twice. Examination conducted pursuant to an autopsy and forensic examination by firearms established that there was one fatal wound, one nonfatal wound, and that they were fired by two different guns.

Based upon the identification made by Ms. Davis, and information obtained from other known lay witnesses, that certain admissions had been made by Mr. Davis to them, and that Ms. Kim Davis had made statements to one of those lay witnesses to the effect that she had seen her son and Devante Lee commit this murder. The sheriff's office had the two individuals arrested. They were subsequently indicted.

## *ANDERS* BRIEF

Under the procedure adopted by this Court in *State v. Bradford*, 95–929, pp. 3–4

(La.App. 5·Cir. 6/25/96), 676 So.2d 1108, 1110–11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96–2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.

■ In *Anders, supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by "'a brief referring to anything in the record that might arguably support the appeal'" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court ⌊5"in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).

In *State v. Jyles*, 96–2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objec-

tions lack merit. The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

■ When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 95–929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. *Id.*

## ANALYSIS

■ Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel indicates that defendant pled guilty pursuant to a counseled plea agreement, that the plea form and accompanying colloquy are thorough and complete. Appellate counsel ⌊6has filed a motion to withdraw as attorney of

---

1. In *Bradford, supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95–0981, pp. 1–2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

2. The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

record and has mailed defendant a copy of his brief.[3]

The State asserts that the record shows that prior to defendant's guilty plea, the district court fully explained to him the rights he was waiving, and defendant affirmed his understanding. The district court also fully explained the maximum sentence that could be imposed as well as the sentence that the court would actually impose on defendant pursuant to the plea agreement. The State agrees with counsel that defendant made a knowing and voluntary act of pleading guilty. Further, defendant was informed of his right to seek post-conviction relief within two years. The State concludes, therefore, that defendant's convictions and sentences should be affirmed and that appellate counsel should be allowed to withdraw.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

The record shows that defendant was present at the sentencing and was represented by counsel. Prior to sentencing, the trial court entered into a colloquy with defendant wherein the court advised defendant of his *Boykin*[4] rights and asked defendant if he understood that he was waiving those rights by pleading guilty. Defendant was advised of the sentences he would receive if he pled guilty. Defendant's sentences were in the statutory range for violations of La. R.S. 14:31 and 14:95.1 and, as appellate counsel notes, defendant's plea bargain resulted in an agreement from the State not to file a multiple offender bill of information. Furthermore, La. C.Cr.P. art. 881.2(A)(2) provides that a

defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which ⌐was set forth in the record at the time of the plea. Defendant was also properly advised of the time limitations for filing post-conviction relief.

Because appellant counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, we affirm defendant's sentences and convictions and grant appellate counsel's motion to withdraw as attorney of record.

## ERROR PATENT DISCUSSION

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals no errors patent in this case which require correction.

## DECREE

Accordingly, for the reasons provided herein, defendant's convictions and sentences are affirmed and appellate counsel's motion to withdraw as attorney of record is hereby granted.

## CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

---

**3.** Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until June 12, 2016, to file a pro se supple-

mental brief. Defendant did not file a pro se brief.

**4.** *Boykin v. Alabama*, 393 U.S. 820, 89 S.Ct. 200, 21 L.Ed.2d 93 (1968).