STATE OF LOUISIANA

VERSUS

TERRELL NIX

NO. 22-KA-446

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-2988, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

October 31, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

<u>**AFFIRMED**</u>
    **SMC**
    **JGG**
    **MEJ**

FIFTH CIRCUIT COURT OF APP
A TRUE COPY OF DOCUMENT
SAME APPEARS IN OUR RECO

Morgan Naquin

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
TERRELL NIX
     Lieu T. Vo Clark

**CHEHARDY, C.J.**

Defendant, Terrell Nix, was convicted by a unanimous jury of the second-degree murder of Mr. Rohn Brinker, a violation of La. R.S. 14:30.1. On appeal, defendant raises a single assignment of error: that the trial court erred in denying his motion for new trial without conducting an evidentiary hearing to determine whether the jurors engaged in pre-deliberation discussions. For the reasons that follow, we affirm defendant's conviction and sentence and the trial court's ruling on defendant's motion for new trial. Furthermore, defendant is hereby notified that he has two years from the date that the judgment of conviction and sentence in this matter becomes final to seek post-conviction relief.

*Facts and Procedural History*

Defendant, his wife (Nashid Nix), and his mother (Denise Nix) all worked for Accessibility Group, a home healthcare company that Denise also owns, providing round-the-clock nursing care to Mr. Brinker, who suffered from mental disabilities.[1] On the night of May 13, 2019, defendant was working his shift that began at 10:00 p.m. Testimony at trial established that a deputy for the Jefferson Parish Sheriff's Office (JPSO) responded to a May 14, 2019, early-morning 9-1-1 call for medical assistance for an individual who allegedly fell in the bathroom and was not breathing. When JPSO Deputy Ashlee Foret arrived at Mr. Brinker's apartment, she attempted CPR. The paramedics subsequently arrived, took over the CPR, and confirmed that Mr. Brinker had no heartbeat. After trying to revive him for 30 minutes, EMS received orders to terminate resuscitation efforts.

According to Deputy Foret's testimony at trial, defendant was the last person to see Mr. Brinker alive. Deputy Foret testified that defendant indicated that he told Mr. Brinker to take a shower, but when defendant walked down the hallway, he

---

[1] Evidence in the record indicates that Mr. Brinker had a history of autism, adult attention deficit disorder, and schizophrenia.

heard a thump, so he turned around to go into the bathroom and saw Mr. Brinker lying face down in the bathtub.

A death investigator with the JPSO Coroner's Office, Cody Rodivich, testified that he later arrived at the apartment and observed suspicious contusions on Mr. Brinker's face, neck, chest, and extremities. He also observed blood stains on the base of the bathtub, as well as on the rear end and outer edges of the tub.

Dr. Dana Troxclair, the chief forensic pathologist at the Jefferson Parish Coroner's Office, performed an autopsy and determined that Mr. Brinker died as a result of strangulation and multiple blunt force trauma injuries, including a broken rib that punctured a lung while Mr. Brinker was still alive. Dr. Troxclair testified that the manner of death was homicide. Additional investigation of the incident confirmed that defendant was on duty with Mr. Brinker at the time of his death.

The State introduced as evidence a Home and Community Based Services Critical Incident Report (CIR) dated May 13, 2019, which defendant filled out, stating:

> Mr. Brinker was asleep when I did my check. As I checked him he was wet from wetting the bed so I asked him to get up so he can take his bath. Mr. Brinker was attempting to take off his night pants when I was walking to the living room to finish my duties. Then I heard a thump in the bathroom. I rushed to see what was the noise and found him laying in the tub facedown. After I tried to get a response from him and I got no response I dialed 911 and Supervisor.

Testimony from Ann Boughton, a registered nurse who works for the Health Standards Division of the Louisiana Department of Health, testified that when a CIR is submitted, protocol requires that an accompanying complaint be submitted, but the agency did not submit such a report. Ms. Boughton found additional deficiencies after interviewing defendant's mother, Denise, the owner of the home health company, most notably that 9-1-1 was not called immediately after defendant notified Denise that Mr. Brinker had fallen in the tub.

On February 10, 2022, at the conclusion of the four-day trial, the jury unanimously found defendant guilty of second-degree murder. On February 22, 2022, defendant filed a motion for new trial, arguing that he should be entitled to have the jury's verdict vacated because, according to defense counsel, the jury must have engaged in deliberations before the trial court charged the jury and released the jurors for formal deliberations. More specifically, defendant's attorneys contend that they spoke to alternate juror number 47, who stated that she was waiting for the jury's decision because she understood that deliberations "would not be too long." Counsel for defendant did not raise any objection on this basis before the jury returned its verdict.

After hearing arguments from defense counsel and the State, but without conducting an evidentiary hearing, the trial court denied the motion for new trial from the bench, stating:

> An evidentiary hearing is required if well-pleaded allegations of prejudicial juror misconduct violating defendant's constitutional rights is put forth in the pleadings. … [T]here's been no testimony that the defendant has been deprived of his constitutional rights. There's been no evidence that there was any outside influence that was brought to bear upon the jury's deliberations and that any precommunication deliberation -- and I'm specifically relying upon *State v. Weaver,* 917 So.2d 600, which deals exactly with predeliberation communications, that they don't fall within the exception to Louisiana Code of Evidence Article 606(b). While they violated my instructions, they do not amount to outside influence or extraneous prejudicial information. Therefore, I am going to deny the motion for new trial.

On February 23, 2022, the trial court sentenced defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence, remanding him to the Department of Corrections. Defendant now appeals, with his sole assignment of error arising from the trial court's ruling denying the motion for new trial without conducting an evidentiary hearing.

*Discussion*

Defendant argues that in denying an evidentiary hearing and denying the motion for new trial, the trial court improperly circumvented his ability to show that he was denied a fair trial. Defendant concedes in his brief that pre-deliberation discussions among jurors, although in violation of the trial court's instructions, do not amount to "outside influence" or "extraneous information" and thus do not fall within the exception to the jury shield law set forth in La. C.E. art. 606(B).[2] Defendant argues, however, that after a four-day trial, the jury returned a verdict within an hour, which corroborates alternate juror number 47's statement that "deliberation would not be too long." According to defendant, if jurors were deliberating, and possibly making up their minds, before receiving all of the evidence, they did not try the case in a "just and impartial manner" as mandated by La. C.Cr.P. art. 790.[3] Defendant argues that at the very least, the trial court should have ordered an evidentiary hearing at which alternate juror number 47 could explain whether the jurors violated the court's orders.

---

[2] La. C.E. art. 606(B) states:

> Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify on the question whether any outside influence was improperly brought to bear upon any juror, and, in criminal cases only, whether extraneous prejudicial information was improperly brought to the jury's attention.* Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes. [Emphasis added.]

[3] La. C.Cr.P. art. 790 states:

> When selection of jurors and alternate jurors has been completed, and all issues properly raised under Article 795 have been resolved, the jurors shall then be sworn together to try the case in a just and impartial manner, each to the best of his judgment, and to render a verdict according to the law and the evidence.

In contrast, the State contends that the trial court did not err in denying defendant an evidentiary hearing because La. C.E. art. 606(B) does not permit such an inquiry. Although the prohibition in Article 606(B) is not absolute, the exception allows jurors to testify only "as to whether any outside influence was improperly brought to bear on their deliberations[.]" *Bibbins*, 140 So.3d 168. *See also State v. Weaver*, 05-169 (La. App. 5 Cir. 11/29/05), 917 So.2d 600, 603, *writ denied*, 06-695 (La. 12/15/06), 944 So.2d 1277 (explaining that the purpose of La. C.E. art. 606(B)'s prohibition is to "preserve the confidentiality and finality of jury verdicts, and the confidentiality of the jurors' discussions."). The State contends that at best, defendant alleges only pre-deliberation discussion of the case by the jurors; defendant has conceded that there was no outside influence.

The State further argues that the verdict cannot be reversed on appeal because defendant failed to present his improper-deliberation claim before the jury rendered its verdict. Counsel for defendant confirmed in both his written motion and at the hearing that the conversation at issue occurred before the verdict. The State argues that because defense counsel did not immediately disclose the comment to the trial court or lodge a contemporaneous objection, and because the matter was raised for the first time in the motion for new trial, defendant is not entitled to relief on appeal.

We agree. La. C.Cr.P. art. 841(A) provides, in pertinent part: "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." To seek appellate review of an alleged trial court error, a party must make a contemporaneous objection at trial and must state the grounds for the objection. *State v. Williams*, 20-46 (La. App. 5 Cir. 12/30/20), 308 So.3d 791, 838, *writ denied*, 21-316 (La. 5/25/21), 316 So.3d 2. Here, defendant's failure to alert the trial court of alternate juror number 47's comment before the jury rendered its verdict cannot be excused by raising the issue for the first time in a

motion for new trial. *See*, *e.g.*, *State v. Chester*, 19-363 (La. App. 5 Cir. 2/3/21), 314 So.3d 914, 975, *writ denied*, 21-350 (La. 6/8/21), 317 So.3d 321 ("we find that Defendant raising his claim in his motion for new trial does not suffice as a contemporaneous objection under La. C.Cr.P. art. 841."). Because defendant failed to make a contemporaneous objection, defendant is precluded from raising this issue on appeal.

Even if defendant had objected timely, however, we find the trial court did not err in denying the motion for new trial or in refusing to conduct an evidentiary hearing thereon. Defendant evidently requested an evidentiary hearing to obtain testimony from alternate juror number 47. An evidentiary hearing at which jurors shall testify is required only when there are well-pleaded allegations of prejudicial juror misconduct that violates the defendant's constitutional rights. *See State v. Barber*, 97-2749 (La. 4/24/98), 708 So.2d 1054; *Bibbins*, 140 So.3d at 168. Otherwise, jurors are shielded from testifying regarding their deliberations under La. C.E. art. 606(B).[4]

In *Bibbins*, 140 So.3d at 168, the defendant alleged juror misconduct before deliberations in a motion for new trial. The trial court held an evidentiary hearing, at which a juror testified that other jurors had researched the case on the internet and television, but this Court found that the trial court properly limited the testimony with regard to alleged pre-deliberation discussions, which do not amount to "outside influence" or extraneous information under La. C.E. art. 606(B). *See also State v. Graham*, 422 So.2d 123, 134 (La. 1982) (finding the trial court correctly refused to allow an alternate juror to testify regarding an alleged prejudicial unauthorized communication with a principal juror, as there was no outside influence and the allegations of misconduct did not state a cause to believe

---

[4] *See* footnote 2, *supra*.

any improper or prejudicial event had occurred); *Weaver*, 917 So.2d at 613-14 (finding that even if an alternate juror engaged in pre-deliberation discussions with another juror, "the alternate juror was not an outside source and such discussions were inter-jury communications only."); *State v. Horne*, 28,327 (La. App. 2 Cir. 8/21/96), 679 So.2d 953, 956, *writ denied*, 96-2345 (La. 2/21/97), 688 So.2d 521 (same).

Here, even if the jurors—including the alternate juror—engaged in pre-deliberation communications, there are no allegations of outside influence, extraneous prejudicial information, or objectively verifiable misconduct. Based on defendant's single allegation that an alternate juror indicated that deliberations "would not take too long," the trial court did not err in refusing to hold an evidentiary hearing on defendant's motion for new trial.

Finally, we find no merit in defendant's argument that the trial court erred in denying the motion for new trial. The denial of a motion for new trial is not subject to appellate review except for an error of law. La. C.Cr.P. art. 858. *See also State v. Bibbins*, 13-875 (La. App. 5 Cir. 4/9/14), 140 So.3d 153, 167, *writs denied*, 14-994 (La. 12/8/14), 153 So.3d 439, and 14-1015 (La. 12/8/14), 153 So.3d 440. The ruling on a motion for new trial is committed to the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion. *State v. Doyle*, 21-257 (La. App. 5 Cir. 12/22/21), 335 So.3d 393, 429, *writ denied*, 22-167 (La. 4/5/22), 335 So.3d 836. The merits of a motion for new trial must be viewed with extreme caution in the interest of preserving the finality of judgments. *Bibbins*, 140 So.3d at 167, *citing State v. Rodriguez*, 02-334 (La. App. 5 Cir. 1/14/03), 839 So.2d 106, 133, *writ denied*, 03-482 (La. 5/30/03), 845 So.2d 1061, *cert. denied*, 540 U.S. 972, 124 S.Ct. 444, 157 L.Ed.2d 321 (2003). We find no error of law, and the record is devoid of any evidence to suggest that the trial court abused its discretion when ruling on the merits of defendant's motion for new trial.

**ERROR PATENT**

We reviewed the record for errors patent pursuant to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990), and found one error.

The transcript reveals that the trial court failed to advise defendant of the prescriptive period for filing an application for post-conviction relief under La. C.Cr.P. art. 930.8, which provides that a defendant shall have two years after the judgment of conviction and sentence has become final to seek post-conviction relief. Here, after sentencing defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence, the trial court made no reference to defendant's right to seek post-conviction relief. The sentencing minute entry also does not reflect that the trial court advised defendant of the time period for seeking post-conviction relief. However, this Court may correct the error by informing the defendant in its opinion of the two-year prescriptive period for seeking post-conviction relief. *See State v. Becnel*, 18-549 (La. App. 5 Cir. 2/6/19), 265 So.3d 1017, 1022. Accordingly, we hereby advise defendant that no application for post-conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. *State v. Barnett*, 18-254 (La. App. 5 Cir. 4/3/19), 267 So.3d 209, 235.

**DECREE**

Defendant's conviction and sentence are affirmed. The trial court's judgment denying defendant's motion for new trial without conducting an evidentiary hearing is affirmed. Defendant is notified that any application for post-conviction relief shall not be considered unless filed within two years after the judgment of conviction and sentence has become final.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 31, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-446**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
MATTHEW R. CLAUSS (APPELLEE)      THOMAS J. BUTLER (APPELLEE)      LIEU T. VO CLARK (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053