STATE OF LOUISIANA

VERSUS

VIUSQUI J. PEREZ-ESPINOSA

NO. 24-KA-587

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-415, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

September 24, 2025

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED; REMANDED WITH INSTRUCTIONS**

    **JJM**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Andrea F. Long
     Kellie M. Rish
     Richard L. Olivier

COUNSEL FOR DEFENDANT/APPELLANT,
VIUSQUI J. PEREZ-ESPINOSA
     Jane L. Beebe

**MOLAISON, J.**

The defendant/appellant appeals the consecutive nature of his sentences for convictions of second-degree murder and obstruction of justice. For the reasons that follow, we affirm the defendant's sentence for second-degree murder and remand for a record correction.

## PROCEDURAL HISTORY

This appeal is the defendant's fourth. A complete recitation of the case's underlying facts can be found in our prior opinions *State v. Perez-Espinosa*, 23-353 (La. App. 5 Cir. 5/22/24), 389 So.3d 284, 287, *writs denied*, 24-431 (La. 10/15/24), 394 So.3d 812, and 24-811 (La. 10/15/24), 394 So.3d 818, and 24-464 (La. 10/15/24), 394 So.3d 823.

In the defendant's first appeal, we affirmed his convictions. Still, we vacated the sentences, finding that the trial court lacked jurisdiction when it imposed the sentences before denying the defendant's motion for a new trial and post-verdict judgment of acquittal. In his second appeal, we affirmed the defendant's conviction and sentence for obstruction of justice. However, we vacated the defendant's second-degree murder conviction and sentence, according to *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), and remanded to the trial court for further proceedings. *Perez-Espinosa*, 389 So.3d at 288. After remand, a twelve-person jury unanimously convicted the defendant of second-degree murder. The trial court sentenced the defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The court ordered the sentence to run consecutively to the forty-year sentence for obstruction of justice and to a six-month sentence imposed for contempt. In the defendant's third appeal, we found that the trial court failed to observe the twenty-four-hour delay required by La. C.Cr.P. art. 873 after denying his motion for a new trial. We affirmed the defendant's second-degree murder

conviction, vacated the sentence, and remanded the matter for resentencing. *Id*. at 294-95.

On August 8, 2024, the court resentenced the defendant to life imprisonment to run consecutively with the sentence for obstruction of justice and any other sentence the defendant is currently serving. On August 28, 2024, the defendant filed a *pro se* Motion to Reconsider Sentence. The defendant also filed a *pro se* Notice of Appeal with Incorporated Motion for Appeal. On September 9, 2024, the trial court denied the Motion to Reconsider Sentence and granted the motion for appeal.

## ASSIGNMENT OF ERROR

The trial court erred when it imposed an excessive sentence by ordering the sentence to be served consecutively.

## LAW AND ANALYSIS

The defendant did not challenge the consecutive nature of his sentences in his motion for reconsideration of the sentence.

La. C.Cr.P. art. 881.1(B) provides that a motion for reconsideration of a sentence "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." La. C.Cr.P. art. 881.1(E) provides that "failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." This Court has held that when a defendant does not explicitly raise the consecutive nature of sentences in the trial court, we do not review the sentence for unconstitutional excessiveness and preclude the issue from being raised on appeal. *State v. Adams*, 23-508 (La. App. 5 Cir. 8/14/24), 398 So.3d 143, 146. In this case, however, the sentencing transcript shows that the trial

judge recognized the defendant's objection to the consecutive nature of the sentences. Although it is unclear whether the defendant or the court supplied the objection, we find the issue appropriate for review on appeal.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Article I, § 20 of the Louisiana Constitution also prohibits cruel and unusual punishment but further explicitly prohibits excessive punishment. *State v. Robertson*, 23-525 (La. App. 5 Cir. 10/23/24), 398 So.3d 767, 775. A sentence is excessive, even when it is within the applicable statutory range, "if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." *Id.* A sentence is grossly disproportionate if the crime and punishment shock the sense of justice in light of the harm done to society. *State v. Stewart*, 24-50 (La. App. 5 Cir. 10/30/24), 398 So.3d 812, 824, *writ denied*, 24-1445 (La. 2/19/25), 400 So.3d 931.

A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and has broad discretion when imposing a sentence. *State v. Rogers*, 23-558 (La. App. 5 Cir. 8/28/24), 398 So.3d 209, 230, *writ denied*, 24-1195 (La. 12/27/24), 397 So.3d 1217. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. *Id.* The review of sentences under La. Const. art. 1 § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case. *State v. Fuentes*, 23-502 (La. App. 5 Cir. 7/31/24), 392 So.3d 1167, 1172.

In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice while

recognizing the trial court's broad discretion. *State v. Short*, 23-473 (La. App. 5 Cir. 9/10/24), 398 So.3d 235, 240-41. The relevant question on appeal is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Id.* at 241.

The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); *State v. Bauer*, 23-447 (La. App. 5 Cir. 10/30/24), 397 So.3d 1249, 1264, *writ denied*, 24-1455 (La. 4/1/25), 404 So.3d 650. The trial judge in this case did not articulate particular reasons at the most recent sentencing to justify the defendant's consecutive sentence. However, the record shows that the trial court had previously found the facts and circumstances of the case to be egregious. While the defendant has no prior criminal history, we note that the defendant's offenses were particularly violent. The defendant killed the victim, disarticulated him, placed the body parts in trash bags, and threw those bags into the Reserve canal. He also cleaned the murder scene and repeatedly lied about the victim's whereabouts. Also, T.C. alleged that the defendant sexually abused her and used force in doing so on the day the victim went missing.

Based on the foregoing and our review of the record, we do not find that the consecutive nature of the sentences in this case shocks our sense of justice.

Finally, the defendant received a mandatory life sentence for his conviction of second-degree murder, so ordering the sentence to run consecutively with the sentence for obstruction of justice has "no practical effect as defendant will be in jail for the rest of his life unless he is pardoned." *State v. Miller*, 20-182 (La. App. 5 Cir. 12/23/20), 308 So.3d 1246, 1259, *writ denied*, 21-233 (La. 4/27/21), 314 So.3d 838.

This assignment of error lacks merit.

**ERROR PATENT**

We reviewed the record for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).

Neither the transcript, the sentencing minute entry, nor the uniform commitment order ("UCO") reflects that the sentence was imposed with a restriction of benefits as required by La. R.S. 14:30.1(B).  These restrictions are self-activating and require no corrective action, according to La. R.S. 15:301.1. Nevertheless, to ensure the accuracy of the record, we remand the matter for correction of the sentencing minute entry and UCO to show that the defendant's sentence be without the benefit of parole, probation, or suspension of sentence. *State v. Kelson*, 23-274 (La. App. 5 Cir. 12/27/23), 379 So.3d 779, 787.

**DECREE**

We affirm the defendant's sentence and remand with the instructions referenced herein.

**AFFIRMED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 24-KA-587

## E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          JANE L. BEEBE (APPELLANT)

## MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
KELLIE M. RISH (APPELLEE)
DISTRICT ATTORNEY
RICHARD L. OLIVIER (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053